DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which denied appellant Marc Leffler's motion to suppress evidence and found appellant guilty of possession of heroin, in violation of R.C.2925.11(A) and (C)(6)(a). Appellant presents the following assignment of error:
 "THE TRIAL COURT WRONGLY OVERRULED THE MOTION TO SUPPRESS."
The following facts are relevant to this appeal. On July 17, 2000, appellant was indicted on one count of possession of heroin. On August 15, 2000, appellant entered a plea of not guilty to the charge.
On September 5, 2000, appellant filed a motion to suppress any evidence seized from his person on July 5, 2000. At the hearing held on the motion, the following evidence was presented.
Toledo Police Detective Denise Muszynski, an eight-year veteran, testified that on July 5, 2000, she received a telephone call from a confidential informant who stated that heroin was being sold at Harry's Sports Bar in Toledo, Lucas County, Ohio. Muszynski testified that she had executed several search warrants at Harry's Sports Bar, based upon drug information, and had recovered contraband. Muszynski stated that she had done prostitution stings and drug stings in the neighborhood surrounding the bar.
Muszynski testified that the confidential informant was reliable in that she had worked with the individual on several occasions and, based upon the informant's tips, had made drug arrests and convictions. The informant stated that the heroin was being sold by an individual named Kenneth Parrish and gave the location inside the bar where Parrish would be seated. Regarding Parrish, Muszynski indicated that she had been involved in several search warrants executed at Parrish's home.
Muszynski stated that when she and two other officers, Detectives Marzec and Comes, arrived at the bar they observed Parrish, appellant, and two other individuals sitting at the table as the informant had described. As they approached the table, Muszynski and the officers displayed their badges but did not have their weapons drawn.
According to Muszynski, the officers had asked appellant and the others to put their hands on the top of the table. Only appellant kept removing his hands from the table and reaching for his right pants pocket. Muszynski testified that appellant's actions made her nervous because she did not know whether he had a weapon in his pocket. Muszynski stated that she physically grabbed his hands and placed them on the table "for our safety purposes."
Muszynski indicated that appellant explained that he was reaching for his lighter. She found the explanation to be suspicious because his cigarette was already lit. At this point, Muszynski asked appellant if she could search him and he said yes. She stated that she asked appellant "if he had anything in his pockets that would hurt [her], cut [her] in any way or anything [she] needed to know about." Appellant answered negatively.
Appellant was then asked to stand up and put his hands against the wall. Muszynski testified that Detective Comes conducted the initial pat down for weapons. Muszynski then searched appellant's right pants pocket where she believed he was trying to conceal something. In the smaller or watch pocket Muszynski found what appeared to be heroin. Subsequent testing confirmed that it was 0.21 grams of heroin.
On November 16, 2000, the trial court issued a bench opinion denying appellant's motion to suppress. The court concluded that under the totality of the circumstances the initial stop was appropriate. The court then found that appellant freely and voluntarily gave consent to the search.
Thereafter, appellant withdrew his not guilty plea and entered a plea of no contest to the charge. The trial court accepted the plea and made a finding of guilt. On January 3, 2001, appellant was sentenced to three years of community control. Appellant then commenced the instant appeal.
In his sole assignment of error, appellant first argues that the trial court erred in denying appellant's motion to suppress because the officers had no reasonable articulable suspicion that appellant was involved in any illegal activity as required under Terry v. Ohio (1968),392 U.S. 1. Appellant also disputes the trial court's determination that appellant consented to the search of his pants pocket.
We first note that when considering a motion to suppress, a trial court is in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366. When reviewing a trial court's ruling on a motion to suppress, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594.
The lawfulness of an investigatory stop is governed by Terry v. Ohio,392 U.S. 1. In State v. Williams (1990), 51 Ohio St.3d 58, 60-61, the Supreme Court of Ohio stated:
 "In order to warrant a brief investigatory stop pursuant to Terry, the police officer involved `must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.' Terry, supra, at 21. Such an investigatory stop `must be viewed in light of the totality of the surrounding circumstances' presented to the police officer. State v. Freeman (1980), 64 Ohio St.2d 291, 18 O.O. 3d 472, 414 N.E.2d 1044, paragraph one of the syllabus. The standard for reviewing such police conduct is an objective one: `would the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?' Terry, supra, at 21-22; United States v. Wright (C.A.8, 1977), 565 F.2d 486, 489. That is, `[a]n investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity.' United States v. Cortez (1981), 449 U.S. 411, 417."
In the present case, the state argues that the officers had reasonable, articulable suspicion to briefly detain appellant based on the following eight factors: (1) information from a reliable confidential informant that Parrish was selling heroin at Harry's Sports Bar, (2) the location of the bar in a high drug-activity area, (3) Harry's Sports bar has been searched previously and contraband was recovered, (4) Parrish was known to the police as a known heroin user and drug dealer, (5) upon arriving at the bar the officers were able to corroborate the informant's information, (6) appellant was sitting at the table with Parrish, (7) when the officers first approached the table appellant immediately reached for his right pants pocket giving the "unplausible" explanation that he was searching for his lighter even though he had a lit cigarette, and (8) appellant continued to reach for his pants pocket after being told to keep his hands on the table.
We find, that when taken collectively, the above facts support a reasonable suspicion that appellant was involved in drug activity. Muszynski is an experienced officer and was familiar with the drug activity in the area and, particularly, Parrish's drug activity. Thus, the officers had reasonable belief that an investigatory stop was warranted.
Appellant also argues that the trial court erroneously found that appellant consented to the search of his person. Warrantless searches and seizures are per se unreasonable subject to certain established exceptions. Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219. One exception to the warrant requirement is a search conducted pursuant to consent. Id. A search based on consent, however, constitutes a waiver of an individual's Fourth Amendment rights and requires more than a mere expression of approval; it must be shown by a totality of the circumstances that consent to search was freely and voluntarily given.Id. at 248-249. The state has the burden of proving by "clear and positive evidence" that appellant voluntarily consented to a warrantless search. Id. at 222. "Clear and positive evidence" has been held to be qualitatively equivalent to clear and convincing evidence. State v.Danby (1983), 11 Ohio App.3d 38, 41.
In the instant case, there is substantial evidence to support the trial court's finding that appellant freely and voluntarily consented to the search. According to Muszynski's undisputed testimony appellant, when asked, gave his consent for the search. At no point thereafter did appellant withdraw his consent. Muszynski testified that at the time of the request, she was accompanied by two plainclothes officers and that their weapons were not drawn. Muszynski further indicated that when she asked for appellant's consent to search, she did not position herself or change her demeanor in order to appear threatening. Considering the totality of the circumstances, we find that there is sufficient evidence to support the trial court's finding that the state established by clear and positive evidence that appellant voluntarily consented to the search. Appellant's sole assignment of error is not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., George M. Glasser,J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.